# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>KIM P. LaCLAIR,<br><br>       Debtor | )<br>)<br>)<br>)  Chapter 13<br>)  Case No. 05-46260-HJB<br>)<br>)<br>) |
| In re:<br><br>BRYAN LEE ZANARDI and<br>MICHELLE M. ZANARDI,<br><br>       Debtors | )<br>)<br>)<br>)  Chapter 7<br>)  Case No. 05-49674-HJB<br>)<br>)<br>)<br>) |
| In re:<br><br>DEBRA L. OLKO,<br><br>       Debtor | )<br>)<br>)<br>)  Chapter 13<br>)  Case No. 06-40791-HJB<br>)<br>)<br>) |

## **MEMORANDUM OF DECISION**

Before the Court in each of the above-captioned cases is a "Motion to Enlarge Time for Filing Appeal/Reconsideration" (the "Extension Motion(s)") filed by Attorney Francis Lafayette ("Attorney Lafayette"), counsel for the debtor. Each Extension Motion states, in full:

> Now comes debtor who moves the Court for an order enlarging time for filing appeal/reconsideration re: [] Order dated December 6, 2006.
>
> The reason that debtor requests an extension is that counsel for debtor has been hospitalized in special care since December 11, 2006. Counsel for debtor does not anticipate being discharged from the hospital before Friday, December 22, 2006 and has been unable to prepare the pleadings for an appeal/reconsideration.
>
> Wherefore, the debtor request this Court enlarge the time for filing an appeal/reconsideration until December 29, 2006.

Typically, a motion filed by an attorney seeking the extension of a deadline on account of illness would be reflexively allowed. But, like so many things in life, context is paramount.

Attorney Lafayette currently has a rather special status relative to his compensation representing debtors in this district. Since the issuance of this Court's decision in In re LaFrance, 311 B.R. 1 (Bankr. D.Mass. 2004), wherein the Court noted various deficiencies in the quality of service rendered in those cases by Attorney Lafayette to his debtor clients, Attorney Lafayette has been required to submit fee applications in all of his cases, whether filed under Chapter 7 or 13 of the Bankruptcy Code. Id at 26. On numerous occasions since the issuance of the LaFrance decision, Attorney Lafayette has missed important deadlines and has otherwise demonstrated a failure to render proper service to his clients. Such conduct has persuaded the Court that the ongoing review of Attorney Lafayette's fee applications remains necessary.[1] The instant cases are indeed cases in point.

---

[1] See, e.g., Memorandum of Decision on Motion for Relief, dated December 19, 2006, in the case of Rachel J. Kaplan, Chapter 13, Case No. 06-41771-JBR. (Attorney Lafayette, representing debtor, filed the petition 27 minutes after the foreclosure was concluded, arguably resulting in loss of the debtor's home).

A.  The Facts and Travel of the Cases

    1.  Kim P. LaClair

On September 10, 2005, Attorney Lafayette filed a Chapter 13 bankruptcy case for Kim P. LaClair ("LaClair").  On the petition date, Attorney Lafayette filed only the skeleton documents.  Accordingly, on September 12, 2005, an Order to Update was issued by the Court, and the Debtor was ordered to file the remaining documents (Attorney Disclosure Statement, Chapter 13 Plan, Schedules A-J, Statement of Financial Affairs, and Summary of Schedules) on or before September 27, 2005.

On October 2, 2005 (*five* days after the court-ordered deadline had expired), Attorney Lafayette filed a "First Motion to Extend Time for Filing Missing Parts."  Therein, the Court was asked to extend the deadline to October 11, 2005 because LaClair was allegedly having difficulty obtaining documentation, including an appraisal which Attorney Lafayette believed he needed in order to establish a "cramdown" value under a proposed Chapter 13 plan.  The motion failed to explain why Attorney Lafayette had filed it after the expiration of the court-ordered deadline.  Nevertheless, the Court allowed the motion with the notation: "Granted.  The deadline for filing all missing documents is hereby extended to October 11, 2005."  But Attorney Lafayette did not meet that deadline either.  The missing documents were filed *eight* days after the extended court-ordered deadline - on October 19, 2005.  No motion requesting a further extension accompanied these new filings.  The case proceeded somewhat typically thereafter, and, on May 16, 2006, the Court confirmed LaClair's amended Chapter 13 plan.

On August 11, 2006, Attorney Lafayette filed his "First Interim Application for Compensation."  He sought allowance of fees and expenses in the total amount of

$3,446.07, of which $525.00 allegedly resided in his IOLTA account.  The Chapter 13 trustee filed an objection.  She complained of Attorney Lafayette's failure to timely file the required documents (and his failure to timely seek extensions), which failure had threatened the viability of LaClair's case.  The Court conducted a hearing on the fee application on October 4, 2006, complained about the continuing failure of Attorney Lafayette to properly represent his debtor clients, and on October 5th issued the following order:

> FOR THE REASONS SET FORTH IN OPEN COURT ON OCTOBER 4, 2006, THE APPLICATION IS DENIED AND ALL COMPENSATION AND REIMBURSEMENT OF EXPENSES IS DISALLOWED. APPLICANT IS ORDERED, WITH 15 DAYS OF THE ENTRY OF THIS ORDER, TO (i)DISGORGE AND REMIT TO THE DEBTOR ALL PAYMENTS RECEIVED AND(ii) FILE WITH THIS COURT WITHIN SEVEN (7) DAYS OF SUCH REMITTANCE A CERTIFICATE OF COMPLIANCE TOGETHER WITH A COPY OF THE REMITTANCE CHECK.

Attorney Lafayette timely filed a Notice of Appeal with the Bankruptcy Appellate Panel for the First Circuit (the "BAP") on October 16, 2006, but failed to file a motion seeking a stay of the October 5 order pending appeal.[2]  On November 7th, no certificate of compliance having been filed, as required by the October 5 order, this Court issued an order to Attorney Lafayette to show cause why he should not be found in civil contempt.  The show cause hearing was scheduled for December 6, 2006.

On December 5th, the day before the show cause hearing, Attorney Lafayette filed an "emergency" motion with the BAP seeking a stay, pending appeal, of the October 5

---

[2] The filing of a notice of appeal does not stay the effect of a federal court order, absent a stay granted by the trial court or the reviewing court.  This simple statement of law has been pointed out to Attorney Lafayette on multiple occasions over the last several years.

-4-

order. Later that evening, the BAP notified Attorney Lafayette that his request for a stay was denied. Accordingly, on December 6th, after the hearing, this Court issued the following order:

> FOR REASONS STATED IN OPEN COURT, THIS COURT FINDS ATTORNEY LAFAYETTE IN CIVIL CONTEMPT OF THIS COURT'S ORDER OF OCTOBER 5, 2006. ATTORNEY LAFAYETTE IS ORDERED ON OR BEFORE DECEMBER 13, 2006 TO: 1) COMPLY WITH THIS COURT'S ORDER OF OCTOBER 5, 2006 AND FILE A CERTIFICATE OF COMPLIANCE WITH A COPY OF THE REMITTANCE CHECK; AND 2) PAY THE SUM OF $300.00 TO THE CLERK OF THIS COURT. IN THE EVENT THAT ATTORNEY LAFAYETTE FAILS TO COMPLY, HE SHALL BE SANCTIONED AN ADDITIONAL $1,000.00 PER DAY, PAYABLE TO THE CLERK OF THIS COURT UNTIL SUCH TIME AS HE SHALL HAVE COMPLIED WITH THE TERMS OF THIS ORDER.

On December 7th and 8th, Attorney Lafayette complied with the December 6 order and made the referenced payments to LaClair and to the Clerk of this Court. However, not until December 18th (*twelve* days after the December 6 order) did Attorney Lafayette file the Extension Motion with respect to that order.

2.      Bryan and Michelle Zanardi

On October 14, 2005, Attorney Lafayette filed a Chapter 13 bankruptcy case for Bryan and Michelle Zanardi ("the Zanardis"). On the petition date, Attorney Lafayette filed only the skeleton documents. Accordingly, on October 17, 2005, an Order to Update was issued by the Court, and the Zanardis were ordered to file the remaining documents (Attorney Disclosure Statement, Chapter 13 Plan, Schedules A-J, Statement of Financial Affairs, and Summary of Schedules) on or before November 1, 2005. The Zanardis failed to comply. Instead, on November 18, 2005 (*seventeen* days after the court-ordered

deadline), Attorney Lafayette filed a "Motion to Extend Time for Filing Missing Parts." Therein, the Court was asked to extend the deadline to December 2, 2005 because the Zanardis were allegedly having difficulty obtaining information that Attorney Lafayette believed he needed in order to prepare the missing documents. The motion failed to explain why Attorney Lafayette had filed it well after the expiration of the court-ordered deadline. The Court set the motion for hearing on November 30, 2005, and having heard what it believed was an insufficient justification for the late filing, ordered Attorney Lafayette to file a fee application within fourteen days. An evidentiary hearing on the fee application was set for January 4, 2006.[3]

Attorney Lafayette filed his fee application on December 14, 2005. Therein, Attorney Lafayette represented that the Zanardis had paid him the total sum of $1,525.00 for his services, which was then allegedly held in his IOLTA account. The fee application, albeit interim, sought allowance of $986.45 in fees and expenses. After hearing Attorney Lafayette on January 4, 2006, and having in mind Attorney Lafayette's failure to timely seek an extension of the time in which to file the missing documents (thereby risking the dismissal of the case), this Court entered the following order:

> DENIED. THE APPLICANT IS ORDERED TO DISGORGE TO THE DEBTORS THE SUM OF $1,525.00 ON OR BEFORE JANUARY 31, 2006; AND TO FILE A CERTIFICATE OF COMPLIANCE ON OR BEFORE FEBRUARY 10, 2006.

Attorney Lafayette allegedly repaid the Zanardis and filed the court-ordered certificate of compliance on February 1, 2006.

---

[3] The missing documents were filed on November 29, 2005.

On February 15, 2006, following a hearing on an objection to confirmation of the debtors' Chapter 13 plan, the Court ordered the Zanardis to file an amended plan within thirty days. They failed to comply, and on March 28th, the Court issued an order to Attorney Lafayette and the Zanardis to show cause why, *inter alia*, the case should not be dismissed. A show cause hearing was set for May 10, 2006. The Zanardis responded on April 17th with a request that the case be converted to Chapter 7. Upon allowance of that motion, the Court withdrew the show cause order.

On July 26, 2006, Attorney Lafayette filed a motion requesting leave to accept a "post-petition" retainer in the amount of $325.00. The purpose of that retainer was represented to be services to be rendered in connection with the Zanardis' redemption of their vehicle. Viewing those legal services as separately compensable from services commonly rendered in a case, the Court granted the motion on August 9th, but noted that the moneys were to be deposited in Attorney Lafayette's IOLTA account and were not to be withdrawn absent further court order. However, on August 18th, Attorney Lafayette filed yet another fee application. This application sought payment for services rendered from the date of the disallowed services, January 4, 2006, and requested allowance of the sum of $1,447.79. A hearing on that fee application was held on October 4, 2006. There, this Court noted that the reasons for disallowance of the first filed fee application were more than sufficient for disallowance of the most recent one. Accordingly, on October 5th, this Court entered the following order:

> FOR THE REASONS SET FORTH IN OPEN COURT ON OCTOBER 4, 2006, THE APPLICATION IS DENIED AND ALL COMPENSATION AND REIMBURSEMENT OF EXPENSES IS DISALLOWED, EXCEPT FOR THE SUM OF $325.00. APPLICANT IS ORDERED, WITH 15 DAYS OF THE ENTRY OF

> THIS ORDER, TO (i)DISGORGE AND REMIT TO THE DEBTOR THE BALANCE OF ALL PAYMENTS RECEIVED AND(ii) FILE WITH THIS COURT WITHIN SEVEN (7) DAYS OF SUCH REMITTANCE A CERTIFICATE OF COMPLIANCE TOGETHER WITH A COPY OF THE REMITTANCE CHECK.

Attorney Lafayette filed no appeal of the October 5 order, nor did he file a statement or certificate of compliance with respect thereto. On November 7th, no certificate of compliance having been filed, as required by the October 5 order, this Court issued an order to Attorney Lafayette to show cause why he should not be found in civil contempt.

On December 6, 2006, this Court conducted a hearing on the show cause order. There, Attorney Lafayette represented that he had taken no retainer to support his second fee application (and that presumably that the Court had erred in its contrary assumption). Accordingly, Attorney Lafayette had concluded that he was not required to file any request for reconsideration or any certificate of compliance, notwithstanding the October 5 order that required him to do so. In response to this latest exercise in passive aggressive behavior, this Court issued the following order:

> FOR REASONS STATED IN OPEN COURT, THIS COURT FINDS ATTORNEY LAFAYETTE IN CIVIL CONTEMPT OF THIS COURT'S ORDER OF OCTOBER 5, 2006. ATTORNEY LAFAYETTE IS ORDERED ON OR BEFORE DECEMBER 13, 2006 TO PAY THE SUM OF $300.00 TO THE CLERK OF THIS COURT. IN THE EVENT THAT ATTORNEY LAFAYETTE FAILS TO COMPLY, HE SHALL BE SANCTIONED AN ADDITIONAL $1,000.00 PER DAY, PAYABLE TO THE CLERK OF THIS COURT UNTIL SUCH TIME AS HE SHALL HAVE COMPLIED WITH THE TERMS OF THIS ORDER.

On December 7, 2006, Attorney Lafayette complied with the December 6 order and made the $300 payment to the Clerk of this Court. However, not until December 18th

(*twelve* days after the December 6, 2006 order) did Attorney Lafayette file the Extension Motion with respect to that order.

    3.    Debra L. Olko

On May 17, 2006, Attorney Lafayette filed a Chapter 13 bankruptcy case for Debra L. Olko ("Olko"). On the petition date, Attorney Lafayette filed only the skeleton documents. Accordingly, on May 18th, an Order to Update was issued by the Court, and the Debtor was ordered to file the remaining documents (Attorney Disclosure Statement, Attorney Signature Page, Chapter 13 Plan, Schedules A-J, Statement of Financial Affairs, Summary of Schedules, Chapter 13 Agreement and Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income [Form 22C]) on or before June 2, 2006.

On June 2nd, the deadline under the Order to Update, Attorney Lafayette filed an "Amended First Motion to Extend Time for Filing Missing Parts." Therein, the Court was asked to extend the deadline to June 16th because Olko had allegedly missed an appointment with Attorney Lafayette and more preparation time was necessary.[4] The motion was allowed. But that extended deadline was not met either, and the case was dismissed on June 21st. Immediately thereafter, Attorney Lafayette filed the debtor's second motion for an extension. In that motion, Attorney Lafayette represented that Olko

---

[4] Notwithstanding the fact that this motion was already an amended version, the original having been filed earlier in the day, and only two paragraphs long, Attorney Lafayette asked for an extension to June 14th in the first paragraph and June 16th in the second. The Court took a pro-debtor stance and extended the time to June16th, an act which would later prove to be moot.

had missed several scheduled appointments and could not meet with Attorney Lafayette until June 24th. An extension was sought until June 28th. No representation was made as to why the request for a second extension was filed after, and not before, the expiration of the first extended deadline. In any event, the dismissal order had already been entered, and, therefore, with respect to the second extension motion, the Court entered the following order on June 21, 2006:

> DENIED AS MOOT. CASE HAS BEEN DISMISSED. SEE ORDER OF EVEN DATE.

Attorney Lafayette followed (but not until *six* days later) with a motion to vacate the June 21st order dismissing the case. The motion to vacate recited the previous history without substantive elaboration, except that Attorney Lafayette here specifically averred that Olko had missed her "original" appointment on June 17th.[5] The motion to vacate the dismissal was set for hearing on July 26th. At that hearing, the Court complained about Attorney Lafayette's failure to timely file the debtor's requests for extension - but asked one further question: how could Attorney Lafayette complain about the debtor's failure to keep her "original" appointment on June 17th, if the court-ordered deadline (as extended at his request) was June 16th? Attorney Lafayette's remarks relative to that question were neither responsive nor cogent. Accordingly, the Court denied the motion to vacate the dismissal and ordered Attorney Lafayette to file a fee application within fifteen days.[6]

---

[5] Attorney Lafayette filed an amended motion to vacate the June 21st dismissal order on July 26th. Apparently, the original motion contained dates applicable to another case.

[6] Attorney Lafayette timely filed an appeal of the order denying his motion to vacate and elected to have the appeal heard by the United States District Court. However, he then failed to timely file the designation of the record and the statement of issues, and the appeal was dismissed.

Attorney Lafayette's fee application was due on August 10th. It was filed on the 14th and it sought allowance of fees and expenses of $558.96. The fee application was set for hearing on October 4, 2006. The Court heard from Attorney Lafayette and also from the Chapter 13 trustee, who had filed an objection to the fee application. The Chapter 13 trustee complained that, in light of the various missed deadlines, Olko had received no benefit from the bankruptcy case filing. The Court agreed, and, on October 5th, entered the following order:

> FOR THE REASONS SET FORTH IN OPEN COURT ON OCTOBER 4, 2006, THE APPLICATION IS DENIED AND ALL COMPENSATION AND REIMBURSEMENT OF EXPENSES IS DISALLOWED. APPLICANT IS ORDERED, WITH 15 DAYS OF THE ENTRY OF THIS ORDER, TO (i)DISGORGE AND REMIT TO THE DEBTOR ALL PAYMENTS RECEIVED AND(ii) FILE WITH THIS COURT WITHIN SEVEN (7) DAYS OF SUCH REMITTANCE A CERTIFICATE OF COMPLIANCE TOGETHER WITH A COPY OF THE REMITTANCE CHECK

On November 7th, no certificate of compliance having been filed, as required by the October 5 order, this Court issued an order to Attorney Lafayette to show cause why he should not be found in civil contempt. The show cause hearing was scheduled for December 6, 2006.

On November 22nd, Attorney Lafayette filed a response to the Court's show cause order. Therein, he alleged that he was not in contempt, because (i) of the $550 that he had been paid by Olko, he had spent $274 on the Chapter 13 filing fee; and (ii) in a meeting between Attorney Lafayette and Olko that post-dated the October 5 order, Olko asked him to retain the balance of the retainer in compensation for anticipated non-bankruptcy services. At the show cause hearing, Attorney Lafayette repeated this defense, but the

-11-

Court was not persuaded. Accordingly, on December 6, 2006, the Court issued the following order:

> FOR THE REASONS STATED IN OPEN COURT, THIS COURT FINDS ATTORNEY LAFAYETTE IN CIVIL CONTEMPT OF THIS COURT'S ORDER OF OCTOBER 5, 2006. ATTORNEY LAFAYETTE IS ORDERED ON OR BEFORE DECEMBER 13, 2006 TO : 1) COMPLY WITH THIS COURT'S ORDER OF OCTOBER 5, 2006 AND FILE A CERTIFICATE OF COMPLIANCE WITH A COPY OF THE REMITTANCE CHECK; AND 2) PAY THE SUM OF $300.00 TO THE CLERK OF THIS COURT. IN THE EVENT THAT ATTORNEY LAFAYETTE FAILS TO COMPLY, HE SHALL BE SANCTIONED AN ADDITIONAL $1,000.00 PER DAY, PAYABLE TO THE CLERK OF THIS COURT UNTIL SUCH TIME AS HE SHALL HAVE COMPLIED WITH THE TERMS OF THIS ORDER.

On December 12th and 13th, Attorney Lafayette complied with the December 6 order and made the referenced payments to Olko and to the Clerk of this Court. However, not until December 18th (*twelve* days after the December 6 order) did Attorney Lafayette file the Extension Motion with respect to that order.

B.   The Extension Motions

In each of the foregoing cases, Attorney Lafayette seeks an extension of time to either seek reconsideration or to file an appeal. His request is made after the time to file either such motion has expired.

Under Federal Rule of Civil Procedure 59(e), made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9023, a motion for

reconsideration must be filed within ten days of the entry of the underlying order.[7]  Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(2), this deadline may not be enlarged.[8]  Because the Extension Motions were filed *twelve* days after the entry of the December 6 orders, Attorney Lafayette is precluded from obtaining reconsideration of those orders.

Under Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must also be filed within ten days of entry of the underlying order.  Again, the Extension Motions were filed *twelve* days after the entry of the December 6 orders.  However, unlike Bankruptcy Rule 9023 (together with Rule 9006(b)(2)), Rule 8002 does provide for the possibility of extensions.  Under Rule 8002(c)(2), an extension may be granted for up to twenty days where the request is filed before expiration of the deadline.  Of course, here, the requests, in the form of the Extension Motions, were untimely.  However, Rule 8002(c)(2) further provides that, even within twenty days *after* the expiration of the deadline, an extension can be granted upon a showing of excusable neglect.[9]  Therefore, this Court is left to determine

---

[7] Federal Rule of Civil Procedure 59(e) provides:

(e) Motion to Alter or Amend Judgment.  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

[8] Federal Rule of Bankruptcy Procedure 9006(b)(2) provides:

(2) *Enlargement Not Permitted*.  The court may not enlarge the time for taking action under rules 1007(d), 2003(a) and (d), 7052, 9023 and 9024.

[9] Federal Rule of Bankruptcy Procedure 8002(c)(2) provides:

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

whether Attorney Lafayette has established excusable neglect for his failure to file notices of appeal or to request an extension of the appeal period prior to its expiration.

The First Circuit Court of Appeals has taken a broad view of the term "excusable neglect."

> [T]he "excusable neglect" inquiry involves "a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the movant's lapse. Bennett [v. City of Holyoke, 362 F.3d 1, 5 (1st Cir. 2004)] . . .
>
> First, as we have repeatedly held, "even under the flexible standard prescribed by Pioneer [Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)], counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute "excusable neglect". See Pioneer, 507 U.S. at 392, 113 S.Ct. 1489 ("[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.' "); Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir.2003); Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.,270 F.3d 1, 6-7 (1st Cir.2001); Hospital del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir.2001) (per curiam).
>
> Moreover, among the factors enumerated in Pioneer, *by far the most critical is the asserted reason for the mistake.*

Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) (emphasis supplied).[10]

---

[10] In Pioneer, the Supreme Court noted:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Inv. Svcs. Co., 507 U.S. at 395, 113 S.Ct. 1489.

Here, Attorney Lafayette complains that his hospitalization, on December 11, 2006, has interfered with his ability to timely file the notice of appeal. Two responses from this Court appear apt.

First, this is not the first time that this Court has heard from Attorney Lafayette that his physical condition has precluded him from abiding by deadlines.[11] In In re LaFrance, this Court met that argument directly:

> The illness of an attorney presents special concerns, since those services are not easily replaced either on a temporary basis or for an extended period of time. When an attorney has a temporary illness, other attorneys in the case have a duty of courtesy to one another, and the court has a duty to ensure that the illness does not affect the administration of justice. Where time is not of the essence, continuances ought to be granted or other accommodations made. But where illness become a daily or weekly excuse for repeated errors made over an extended period of time and which threaten to sacrifice a client's economic well-being, courtesy is no longer a factor. An attorney may simply not permit his or her client to suffer legal harm, even where the excuse is the attorney's long term illness. Many attorneys suffer from long-term or chronic illnesses and manage quite well to represent their clients without sacrificing the rights of those clients. An attorney suffering from such an illness must obtain appropriate assistance or supports to avoid reasonable risks of harm to clients, and, failing that, withdraw from ongoing representations and decline to take on new cases.

311 B.R. at 24.

Of course, here, Attorney Lafayette may seek to distinguish the admonition in LaFrance. After all, he might say, this time he complains of a temporary incapacity and ought to be afforded the courtesy of an accommodation where he has been actually hospitalized. But that brings the Court to its second point: During the period from December 11th (when Attorney Lafayette was hospitalized) until December 18th when he

---

[11] Attorney Lafayette has complained at various times of problems with his teeth, problems with his back, diabetes and polyneuropathy.

-15-

filed the instant Extension Motions, Attorney Lafayette filed two new bankruptcy cases and over *thirty* other documents, many of which were completely unrelated to any requests for continuances and four of which were new fee applications in other cases.[12]  Apparently, therefore, his alleged incapacity did not preclude him from continuing to do business - only from meeting the deadlines for review of the December 6 orders.  Filing timely requests for reconsideration or notices of appeal were within his reasonable control.   Under these circumstances, this Court finds that Attorney Lafayette has failed to establish that his failure to timely file requests for reconsideration or notices of appeal was attributable to any "excusable neglect."[13]

C.     Conclusion

For the reason that Attorney Lafayette has missed the deadline for seeking reconsideration of or for filing a notice of appeal of the December 6 orders, and has utterly failed to establish excusable neglect for that failure, each of the Extension Motions will be DENIED.  Separate orders will issue in conformity with this Memorandum of Decision.

DATED: December 21, 2006          _____
                                  Henry J. Boroff
                                  United States Bankruptcy Judge

---

[12] This information is derived by a computer analysis of court records of which the Court takes judicial notice.

[13] Nor, in light of this finding, could Attorney Lafayette obtain reconsideration of the subject orders under Federal Rule of Civil Procedure 60(b)(made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024).